————o————

## No. 6869.

## JAMES H. TINDEL v. DOUSSON FRENCH PERFUMERY CO., INCORPORATED.

### Syllabus.

A corporation may assume liability for the acts of its promotors prior to its organization where it has received or availed itself of the benefits of such acts.

Appeal from the Civil District Court, Parish of Orleans, No. 115,203, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

E. P. Klienert, for plaintiff and appellee.

S. F. Gautier, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff has incorporated into this action two somewhat distinct claims against defendant.

The first is for a balance due for salary as an employee of defendant. He has satisfactorily shown by his own testi-

mony and by that of a former officer of defendant corporation, and independently of these by other convincing circumstances, that his employment and actual services continued until January 1st and did not, as defendant contends, terminate a month earlier. The total salary earned and the credits due defendant for payments made on account thereof, are fixed and proved with certainty and there is no doubt as to the correctness of the trial Court's conclusions on this branch of the case.

Plaintiff's other claim is for reimbursement for having paid the rent for two months of the premises wherein the business in question was operated, it appearing that during one of these months said business was conducted by the promoters of the defendant corporation prior to its organization and during the other by the corporation itself after its organization, the lease, however, being meanwhile in the name of plaintiff, who was formerly the owner of the business wherein the promoters and subsequently the corporation upon its organization succeeded him.

Though the corporation did not formerly sublease from plaintiff, still it is testified to and nowhere denied that it availed itself of all the benefits arising from the conduct of the business upon the premises during these two months and agreed to pay the rent incurred. Under such circumstances there is no legal or just reason why it should not be held to the fulfillment of its obligation to reimburse plaintiff for an expenditure involving no possibility of gain on his part.

There is no error in the judgment and it is accordingly affirmed.

Affirmed.

Opinion and decree, February 5th, 1917.